STATE OF MAINE
CUMBERLAND, ss

DAVID M. TOURANGEAU
and
MARJORIE J. GETZ

    Petitioners

    v.

JANIS and PAUL WALSH
and
MAINE DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

    Respondents

SUPERIOR COURT
CIVIL ACTION
DOCKET AP-13-27
JAW-Cum-12/2/2013

ORDER ON 80C APPEAL



STATE OF MAINE
Cumberland ss Clerk's Office

DEC 02 2013

RECEIVED

The Department of Environmental Protection issued respondents Janis and Paul

Walsh a permit to construct a pier on their property. Petitioners appealed the decision to

the Board of Environmental Protection, which dismissed their appeal as untimely. In this

appeal, petitioners challenge the Board's decision dismissing their appeal as untimely.

Factual and Procedural Background

On October 12, 2012, Respondents Paul and Janis Walsh applied for a Natural

Resources Protection Act ("NRPA") permit to construct a pier with an access staircase on

their property. (R. Tab 1.) At the time the Walshes applied for their permit, they owned

two separate but abutting lots: one lot was the site of the pier and the second was an

adjoining lot. (R. Tab 11.) The Walshes provided abutter notice to themselves as owners

of the adjoining lot and several other adjoining lot owners. (R. Tab 1.) The petitioners did

not receive notice of the permit application.

On January 29, 2013, the Commissioner of the Department of Environmental Protection ("DEP") granted the Walshes an NRPA permit for the pier. (R. Tab 8.) Petitioners appealed the decision on March 14, 2013. (R Tab 9.) The Board of Environmental Protection dismissed the appeal as untimely on May 2, 2013. (R. Tab 28.) Petitioners argue that they are entitled to a "good cause" exception to the appeal deadline.

Discussion

### 1. Standard of Review

A reviewing court will not "vacate an agency's decision unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or an error of law; or is unsupported by the evidence in the record." *Kroeger v. Dep't of Envtl. Prot.*, 2005 ME 50, ¶ 7, 870 A.2d 566. "An agency's interpretation of its own rules will be given considerable deference and will not be set aside unless the rule plainly compels a contrary result, or the rule interpretation is contrary to the governing statute." *Friends of Boundary Mountains v. Land Use Regulation Comm'n*, 2012 ME 53, ¶ 6, 40 A.3d 947.

### 2. Timeliness of Appeal

The appeal period for a licensing decision is 30 days under the DEP's rules. 06-096 CMR ch. 2, § 24(A). Petitioners filed more than 30 days after the Commissioner's decision to issue the Walshes the permit. The Board therefore correctly determined that the petitioners' appeal was untimely.

Petitioners contend that they were required to receive notice of the permit application under DEP rules. The rules require that an applicant provide notice of an application to all "abutters." 06-096 CMR ch. 2, § 14(A). Abutter is defined as someone

who "owns property that is both (1) adjoining and (2) within 1 mile of the delineated project boundary, including owners of property directly across a public or private right of way." 06-096 CMR ch. 2, § 1(A). The Board found that the petitioners were not entitled to notice because they were not abutters as defined by the rules. (R. Tab 28.) The record shows that the Walshes owned a lot between the site lot and the petitioners' lot. (R. Tab 11.) The petitioners' property was therefore not an adjoining lot as defined by DEP regulations.

### 3. Good Cause Exception

Petitioners acknowledge that their appeal was not timely filed, but they nevertheless urge the Court to find they are entitled to the good cause exception to the appeal deadline. In *Viles v. Town of Embden*, the Law Court identified the relevant factors for finding the good cause exception:

> Therefore, when a court examines whether the good cause exception is applicable to a situation, it starts with determining whether the appellant received notice of the issuance of the permit. Given the rationale in *Keating,* lack of notice is a key factor, but it is not a determinative factor. Another factor is the amount of time the appellant waited to file the appeal after obtaining actual knowledge of the permit. Still other factors that may be appropriate involve whether the municipality violated its own ordinance and whether the permit holder violated the terms of the permit.

*Viles v. Town of Embden*, 2006 ME 107, ¶ 13, 905 A.2d 298. As for the notice requirement, the Court found that "the good cause exception was designed because the lack of a notice requirement may mean that an abutting landowner does not learn of a permit until the time period for appeal has expired." *Id.* at ¶ 12. Here, the petitioners are not abutting landowners as discussed above. Furthermore, there is nothing in the record that shows DEP violated their own rules or the Walshes violated the terms of their permit. The good cause exception does not allow any aggrieved party that did not receive notice

of a permit application to challenge the decision to issue the permit at any time. The petitioners are not entitled to the good cause exception on these facts.

Therefore, the entry is:

Petitioners' appeal is DISMISSED. The Board of Environmental Protection's decision dismissing the petitioners' appeal is AFFIRMED.

Dated: December 2, 2012

Joyce A. Wheeler
Justice, Superior Court

Plaintiffs-Pro Se
Walshes-Mary Costigan Esq
ME DEP-Margaret Bensinger AAG

4